■ In the Matter of the Estate of JAMES SANSIVERO, Deceased. ROCCO SANSIVERO, Respondent; VIVIAN RIBANDO, Appellant. [816 NYS2d 537]—

In a turnover proceeding pursuant to SCPA article 21, inter alia, to recover real property, Vivian Ribando appeals from an order of the Surrogate's Court, Kings County (Tomei, S.), dated April 18, 2005, which denied her motion for summary judgment dismissing the proceeding and granted the petitioner's cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the petition is denied, and the proceeding is dismissed.

The deceased, James Sansivero, and his wife, Michelina Sansivero, had two children, the appellant, Vivian, and the respondent, Rocco. In 1962 James and Michelina purchased real property located at 501 First Street in Brooklyn (hereinafter the premises). In 1966 James and Michelina entered into a separation agreement which provided, inter alia, that Michelina was to relinquish all her right, title, and interest in the premises to James by deed and that each party waived any interest in the other's estate. After living separately for some period of time, James and Michelina again resided at the premises commencing in the late 1960's until James died intestate in 1997. Although Rocco resided with Michelina at the premises, she conveyed the premises to Vivian in 2001. Michelina died on March 26, 2002.

In 2003 Vivian commenced a proceeding in the Civil Court of the City of New York to evict Rocco from the premises and she obtained a judgment of possession in that proceeding and a warrant of eviction. Rocco subsequently brought the instant turnover proceeding seeking, inter alia, to stay execution of the warrant of eviction obtained by Vivian and the turnover of the premises to the estate of James Sansivero.

Vivian moved for summary judgment dismissing the proceeding and Rocco opposed that motion. The matter was referred to a court appointed referee and a hearing was conducted before the referee on the issue of whether the separation agreement had been abandoned. By order dated September 10, 2003, the Surrogate determined that the separation agreement had not been abandoned. Vivian then moved for leave to renew and reargue and that motion was denied in an order dated February 27, 2004.

By notice of motion dated July 13, 2004, Vivian again moved

for summary judgment dismissing the proceeding and Rocco cross-moved for summary judgment. By order dated April 18, 2005, the Surrogate's Court denied Vivian's motion and granted Rocco's cross motion. We reverse.

At the time of James' death, Michelina became sole owner of the premises (*see Matter of Violi*, 65 NY2d 392 [1985]). Michelina's conveyance of the premises in 2001 to Vivian effected a transfer of sole ownership of the premises to Vivian. Accordingly, the Surrogate's Court erred in denying Vivian's motion for summary judgment dismissing the proceeding and in granting Rocco's cross motion. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.